IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KAREN MARTIN                                                                                   PLAINTIFF

VS.                                                                                               1:07CV91-SA-JAD

PEPSIAMERICAS, INC.                                                                   DEFENDANT

## MEMORANDUM OPINION

This cause comes on for consideration on Defendant's Motion for Summary Judgment [51]. The Court finds the following:

*FACTS*

In 1999, Plaintiff, Karen Martin, began her employment with the Defendant, PepsiAmericas, Inc., as a route settlement clerk. Plaintiff worked in the clerk position at the Defendant's Columbus, Mississippi, facility for approximately five years. The defendant classified her as a non-exempt from overtime employee. On January 5, 2004, the plaintiff was given the position of route settlement supervisor. Defendant classified Plaintiff as an exempt from overtime employee. Plaintiff held the supervisor position until she was terminated effective January 2, 2006. Upon leaving her employment, Plaintiff entered into a severance agreement with the defendant whereby she agreed that she "has not filed any complaints, charges, lawsuits, or any other claims against the Company arising out of employment relationship and/or termination of employment and that, except to enforce the terms of this Agreement, she will not do so at any time hereafter." Defendant agreed in return to provide Plaintiff with: 1) salary continuance of 23 weeks; 2) company payment for continued health and insurance benefits for 23 weeks; 3) tenure lump sum payment of six weeks salary; 4) vacation of three weeks salary; 5) employee's 2005 bonus, payable in February 2006; and 6) outplacement services.

On April 20, 2006, Plaintiff filed this suit alleging that Defendant violated the Fair Labor Standards Act by not paying her for overtime for all hours over forty hours worked in a given week.[1] Plaintiff claims that she was a non-exempt employee and, therefore, entitled to overtime pay.

Conversely, Defendant filed this motion for summary judgment alleging that prior to filing this lawsuit, Martin signed a separation from employment agreement in which she waived her right to bring this lawsuit in exchange for salary continuation of 29 weeks. Alternatively, the defendant avers 1) that it is entitled to offset damages in the event that Martin prevails at trial; 2) that Martin is not entitled to liquidated damages; and 3) that a two-year (as opposed to a three-year) limitations period governs this case.

*STANDARD FOR MOTION FOR SUMMARY JUDGMENT*

To be entitled to summary judgment, a party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The movant has the initial burden of proving that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Rule 56(c) compels the court to grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322, 106 S. Ct. 2548. Before finding that no genuine issue for trial exists, the Court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

---

[1] Plaintiff initially brought claims of fraudulent misrepresentation and punitive damages which have since been jointly dismissed.

Conclusional allegations, speculation, improbable inferences, and unsubstantiated assertions do not substitute for specific facts showing a genuine issue for trial. <u>TIG Ins. Co. v. Sedgwick James of Wash.</u>, 276 F.3d 754, 759 (5th Cir. 2002); <u>SEC v. Recile</u>, 10 F.3d 1093, 1097 (5th Cir. 1997); <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). "A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." <u>TIG Ins. Co.</u>, 276 F.3d at 759.

*DISCUSSION AND ANALYSIS*

Defendant contends that Plaintiff's supervisor job was an exempt position. In support of this assertion, Defendant asserts that 1) the position was classified as exempt from overtime; 2) the job description states that the route settlement supervisor is "responsible for supervision of route settlement clerks and cashier[s] and overall operations [of] route settlement department at a specific location . . . [and] supervision of department employees;" 3) she reported only to regional managers and not managers of the Columbus facility; and 4) she trained, taught, and instructed the route settlement clerks.

However, Plaintiff declares she was in a non-exempt position. Specifically, Plaintiff notes 1) she did not have the authority to hire and terminate the Defendant's employees, as she never supervised two or more employees while working as supervisor; and 2) she performed non-managerial duties, such as, "keying products, doing invoices, settling driver's routes, doing the deposit and answering phones."

**FLSA Exemptions**

The Defendant concedes that a genuine dispute of material fact exists whether Plaintiff satisfies the FLSA exemptions to overtime pay cited in 29 C.F.R. § 541.0 <u>et seq</u>. Since the issue

is conceded by the defendant and the Court concurs with both parties, the motion for summary judgment is denied as to the FLSA exemptions.

**Waiver of Right to Bring Suit**

However, the defendant moves for summary judgment on other grounds, which the court will now address. Defendant avows that Plaintiff waived her right to bring this lawsuit. The defendant notes that this Court should not follow precedent that states the FLSA cannot be abridged by contract or otherwise waived. See Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 740, 101 S. Ct. 1437, 67 L. Ed. 2d 641 (1981). Defendant maintains the Court should evaluate the particular facts "with the FLSA's text as well as the public policies and economic realities of today, not the 1940's." Moreover, the defendant argues that the agreement/waiver complied with the Older Workers Benefit Protection Act of 1990 ("OWBPA"), which requires waiver agreements to have special terms.

Plaintiff urges that private rights guaranteed by the FLSA cannot be waived, and those agreements are void as against public policy. Furthermore, Plaintiff maintains that the cases holding the aforementioned are still good precedent. Lastly, Plaintiff responds that merely because an agreement meets the auspices of the OWBPA does not translate into waiving a FLSA claim.

Notwithstanding any OWBPA considerations, "[a]s a matter of law, one cannot waive his rights under the FLSA." Cole v. Pendleton Quick Lube, LLC, 5:07cv206 (DCB)(JMR), 2008 WL 283780 *1 (S.D. Miss. Jan. 25, 2008) (citing Mireles v. Frio Foods, Inc., 899 F.2d 1407, 1411 (5th Cir. 1990)); Brennan v. Veteran Cleaning Serv., Inc., 482 F.2d 1362 (5th Cir. 1973). It has been long held that "FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was

designed to effectuate." Barrentine, 450 U.S. at 740, 101 S. Ct. 1437 (internal citations omitted); see also Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707, 65 S. Ct. 895, 89 L. Ed. 1296 (1945). Specifically, agreements cannot serve to waive a right to minimum wage and overtime pay under the FLSA. Mireles, 899 F.2d at 1411 n. 4; Mayhue's Super Liquor Stores, Inc. v. Hodgson, 464 F.2d 1196, 1197-98 (5th Cir. 1972). In the agreement, the parties did not specifically contemplate the overtime wages. Even so, in the case sub judice, the Plaintiff cannot waive her right to FLSA overtime claims, and therefore, the Defendant's motion for summary judgment is denied.

**Offsetting Damages**

Defendant affirms that if the Court concludes that Plaintiff did not waive her right to bring suit, she has enjoyed "a substantial, underserved windfall: 29 weeks of salary continuance and other benefits that she would not have been entitled to, and that Pepsi would not have conferred on her, if the Company had known that she would be filing this lawsuit." Thus, the defendant insists that the Court should offset any damages that she recovers on her FLSA claim. Defendant proclaims that if she succeeds, she was not entitled to: 1) the 23 weeks of salary continuance; 2) the company's payment of premiums for 23 weeks of Martin's continued health and insurance benefits; 3) the additional lump-sum payment consisting of six weeks of salary; and 4) a bonus payment, which was not due or owed to Martin. The defendant notes that the amount is $22,997.23 because this is the figure the company would not have paid out had it known she would file a lawsuit. In the alternative, the defendant asserts the figure should at least be $13,874.79, which represents 23 weeks of salary continuance (11,008.64), plus the additional six weeks of lump sum salary ($2,866.15). In sum, the defendant concludes these payouts were in consideration for her release of all claims.

Plaintiff notes that allowing an offset would invalidate the severance agreement, and the Court should not offset overtime payments due to her. Moreover, plaintiff persists that she only released claims she could *legally* release.

The FLSA's remedy provision addresses damages available to an employee:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216 (b).

"The FLSA does not explicitly address whether wages earned after termination offset [overtime] damages." Johnson v. Martin, 473 F.3d 220, 222 (5th Cir. 2006). As the court in Johnson stated, under the Age Discrimination in Employment Act ("ADEA"), courts offset awards with post-termination earnings in order to "make the plaintiff whole, yet avoid[ing] windfall awards." Id. (quoting Stephens v. C.I.T. Group/Equip. Fin., Inc., 955 F.2d 1023, 1028 (5th Cir. 1992)). The FLSA and the ADEA have the same remedies provisions, and therefore, ADEA precedent shall apply in this case. Johnson, 473 F.3d at 222; see Lubke v. City of Arlington, 455 F.3d 489, 499 (5th Cir. 2006) ("Because the remedies available under the ADEA and the FMLA both track the FLSA, cases interpreting remedies under the statutes should be consistent."). Here, the Plaintiff would receive a windfall if she received the post-termination compensation in excess of her overtime award. As such, the damages will be offset by an amount proved at trial.

**Liquidated Damages**

Next, the Defendant proclaims that the plaintiff is not entitled to liquidated damages because it claims it acted in good faith and had reasonable grounds to believe its actions complied with the FLSA.

Conversely, the Plaintiff argues that the Defendant acted willfully and cannot prove it acted in good faith. Furthermore, Plaintiff insists that the employer must demonstrate that it took affirmative steps to ascertain the FLSA's requirements, which, according to the plaintiff, it clearly has not done.

Pursuant to 29 U.S.C. § 216(b), employers who violate the FLSA may be held liable for liquidated damages. Burns v. Blackhawk Mgmt. Corp., 494 F. Supp. 2d 427, 436-37 (S.D. Miss. 2007). However, a court can decline to award, or reduce the amount of liquidated damages if it finds the employer acted in good faith and with reasonable grounds to conclude that the plaintiff was exempt from overtime. Id. The Fifth Circuit has held that "even if an employer does introduce evidence supporting a 'good faith and reasonable belief' defense, the trial court may still, in its discretion, award liquidated damages." Mireles, 899 F.2d at 1416 n. 8 (quoting McClanahan v. Mathews, 440 F.2d 320 (6th Cir. 1971)). Since the employer's burden is a "substantial" one, the Court, at this point, cannot conclude that the defendant has proffered any affirmative evidence that it acted in good faith and reasonably in its efforts to comply with the law. LeCompte v. Chrysler Credit Corp., 780 F.2d 1260, 1263 (5th Cir. 1986). As such, at this juncture, the Court will not dismiss the plaintiff's liquidated damages claim. Thus, Defendant's motion for summary judgment as to liquidated damages is denied.

**Two or Three Year Statute of Limitations**

Lastly, Defendant urges that if the Plaintiff prevails at trial, its conduct was not "willful," and therefore, the two year statute of limitations in 29 U.S.C. § 255(a) governs, i.e., that Plaintiff's back pay would be limited to two years from the date that her lawsuit was filed. Defendant then proceeds into an argument that Plaintiff falls under the 29 C.F.R. § 541.100(a)(1)-(4) exception. Specifically, Defendant notes that: 1) she was paid more than $455 per week; 2) she was eligible for a bonus; 3) she reported to a regional manager as opposed to a plant manager; 4) the job description states that the supervisor position is an exempt one; 5) she trained subordinate clerks; and 6) she never complained to human resources or anyone of her exempt status.

Plaintiff bases its arguments on two conclusions: 1) equitable estoppel applies, and 2) the defendant's conduct was willful. Particularly, Plaintiff declares that equitable estoppel applies because the defendant will unfairly benefit for not having to pay Plaintiff for over a year of overtime wages. Moreover, Plaintiff claims that since it misled employees into believing it was exempt from the FLSA, Defendant should be estopped from arguing statute of limitations claim.

Plaintiff then insists that Defendant's willfully violated the FLSA. Plaintiff asserts that the defendant either knew its conduct violated the FLSA or showed reckless disregard whether the actions complied with the FLSA. Specifically, Plaintiff notes: 1) Defendant cannot name two employees that Plaintiff normally and regularly supervised; 2) the bonus has no bearing on the issue of willfulness; and 3) job title alone is insufficient to establish the exempt status.

Pursuant to the FLSA, the employee has the burden to show that the employer's conduct is "willful." Cox v. Brookshire Grocery Co., 919 F.2d 354, 356 (5th Cir. 1990). "[E]ven though an employer may act unreasonably . . . its actions do not necessarily constitute a willful

8

violation." Mireles, 899 F.2d at 1416. The conduct is considered "willful" if the employer either "knew or showed reckless disregard for . . . whether its conduct was prohibited by the statute." Singer v. City of Waco, 324 F.3d 813, 820 (5th Cir. 2003) (internal citations omitted) (holding that evidence proffered by the employee that the city knew that the fire fighters were being paid incorrectly supported the jury's finding that the city "either knew or showed reckless disregard for . . . whether its conduct was prohibited by the statute").

Plaintiff, in this case, has not proffered a scintilla of evidence that the employer was aware or should have been aware that the Plaintiff was being paid incorrectly. Compare Cox, 919 F.2d at 356 (holding that no evidence existed that defendant's conduct was willful); Mireles, 899 F.2d at 1416 (noting that failure to seek legal advice concerning pay practices nor negligence is considered a willful violation); with Reich v. Bay, Inc., 23 F.3d 110, 117 (5th Cir. 1994) (finding the defendant's conduct was willful since the Wage and Hour office contacted the defendant, thus placing them on notice of the FLSA violations); and Singer, 324 F.3d at 820 (noting that evidence that a fire fighter had met with the assistant fire chief and discussed the pay and evidence that the city cancelled a training seminar concerning overtime wages amounted to a jury question of a willful violation). According to Plaintiff's own testimony, she never complained to or contacted the defendant regarding any problem with her hours. The Defendant only became aware of the plaintiff's concerns long after she was terminated for reduction in force. Thus, Plaintiff has failed to meet her burden, and a reasonable fact-finder could not find that the Defendant's conduct was a willful violation of the FLSA. Therefore, Plaintiff's back pay is limited to two years from the date that her lawsuit was filed.

*CONCLUSION*

In the case before the Court, the plaintiff did not waive her right to bring FLSA claims. Therefore, the defendant's motion for summary judgment as to the waiver issue is DENIED. Also, the Plaintiff's damages will be offset by the amount received at severance to be determined at trial. Furthermore, the defendant has failed to proffer affirmative evidence that it acted in good faith and reasonably in its efforts to comply with the law. Accordingly, the defendant's motion for summary judgment as to liquidated damages is DENIED. Lastly, no reasonable fact-finder could conclude that defendant's conduct amounted to a willful violation of the FLSA as the defendant was unaware of any complaints by the plaintiff until well after she was terminated. As such, if the plaintiff succeeds at trial, she will be limited to back pay for a period of two years.

A separate order shall issue on this day in accordance with this opinion.

So **ORDERED** this, the 28th day of October, 2008.

                                                   **/s/ Sharion Aycock**
                                                   **U.S. DISTRICT COURT JUDGE**